UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-CR-00130-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JODI BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 248]. The United States ("the Government") responded in opposition. Thus, the motion is ripe for review. For the reasons provided herein, Defendant's motion [Doc. 248] is **DENIED**.

**I.      BACKGROUND**

On March 3, 2015, Defendant pleaded guilty to one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) [Docs. 59, 67]. Based on a total offense level of 27 and a criminal history category of VI, Defendant's guideline range was 130 to 162 months [Doc. 84, ¶ 72]. At the time of sentencing on June 2, 2015, the Court departed from the advisory guideline range and sentenced Defendant to the mandatory minimum of 120 months [Doc. 128]. Defendant is currently housed at FCI Hazelton with a projected release date of July 29, 2024. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 29, 2024). Defendant now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 248]. The Government opposes Defendant's motion and asserts that she is ineligible under 18 U.S.C. § 3582(c)(2) [Doc. 252].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing. Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, "status" points are eliminated for defendants with six or less criminal history points and one status point, rather than two points, are applied for defendants with more than six criminal history points.

On January 29, 2024, Defendant filed a blank Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 248], which the Court construes as a *pro se* motion for a sentence reduction under Amendment 821. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence for theft, simple possession, and failure to appear [Doc. 84, ¶ 48]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in 21 criminal history points rather than 22. But Defendant would still be in criminal history category VI and her guideline

2

range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 248] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge